[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14922
Non-Argument Calendar

_____

D. C. Docket No. 08-14023-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DAVID LYNCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2009)

Before EDMONDSON, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Michael David Lynch appeals his 292-month total sentence imposed for transmitting child pornography and using the internet to entice a minor to engage in sexual activity, 18 U.S.C. §§ 2252(a)(1), 2422(b). No reversible error has been shown; we affirm.

On appeal, Lynch argues that his sentence procedurally is unreasonable because the district court failed to explain why it rejected Lynch's reasons for a below-guidelines sentence. He also argues that his sentence substantively is unreasonable because the lengthy guideline ranges for sex offenses are unsupported by empirical data and because the 18 U.S.C. § 3553(a) factors do not support such a lengthy sentence.

We review a final sentence for both procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentence may be procedurally unreasonable if the district court, among other things, fails to explain adequately the chosen sentence. Id. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a)

2

factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Briefly stated, under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Lynch's 292-month sentence -- at the bottom of the guidelines range -- is reasonable.  See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").  First, no procedural error occurred. The district court considered the parties' arguments, the statutory factors, and the presentence investigation report. The court noted the "harsh" nature of the guidelines ranges for Lynch's kind of conduct, but concluded that nothing in Lynch's case warranted a sentence outside the guidelines and that a sentence at the low end of the range would sufficiently deter Lynch from future criminal conduct.  The district court's statement of reasons was sufficient.  See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to

3

the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

And we conclude that Lynch's sentence substantively was reasonable. Lynch's total sentence was well below the statutory maximum of life imprisonment he faced on the enticement count. See 18 U.S.C. § 2422(b); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).[1] The court noted the serious and antisocial nature of Lynch's conduct -- which, here, involved him entering an internet chatroom used to communicate about having sex with children and to trade child pornography, masturbating on a web camera, and encouraging a father to molest sexually his 11-year-old daughter.[2] See 18 U.S.C. § 3553(a)(1). In addition, as part of Lynch's criminal history, he had several warrants for probation violations, including for failure to report, changing residences without permission, and absconding from supervision. This inability to follow conditions of supervision supports a lengthier sentence of incarceration. See 18 U.S.C. § 3553(a)(1), (2)(B). The district court's sentence,

---

[1]Lynch received the statutory maximum of 20 years on the transmission count. 18 U.S.C. § 2252(b)(1). This sentence was imposed to run concurrently with the 292-month sentence.

[2]Lynch believed that the person he was chatting with over the internet was the father of an 11-year-old girl and that the girl was in the room with the father. In fact, the father was an undercover officer.

4

therefore, reflects a balance between the harsh nature of the guidelines[3] and the seriousness of Lynch's crime and the need for deterrence.

Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Lynch has not carried his burden of showing that his sentence is unreasonable.

AFFIRMED.

---

[3]Lynch cites Kimbrough v. United States, 128 S.Ct. 558 (2007), in support of his argument that the guidelines for sex offenses should be given less deference because they are not based on empirical data and national experience. Lynch's argument is foreclosed by United States v. Pugh, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008), where we concluded that the sex offender guideline ranges "do not exhibit the deficiencies the Supreme Court identified in Kimbrough" and do not suffer the same criticisms as the crack cocaine guidelines at issue in Kimbrough.